UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **BRIAN CORDELL MILES,** | Civil No. 08-1174 (PJS/SRN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| **STATE OF MINNESOTA,** | |
| Respondent. | |

Brian Cordell Miles, 1041 Ponderosa Way #D, Rock Springs, Wyoming 82901, pro se

Craig S. Nelson, Esq., Freeborn County Attorney's Office, 411 South Broadway Avenue, Albert Lea, Minnesota 56007, for Respondent

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-captioned case is before the undersigned United States Magistrate Judge on Petitioner Brian Cordell Miles' application for habeas corpus relief under 28 U.S.C. § 2254 (Doc. No. 1). The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Minnesota Local Rule 72.1. For the reasons discussed below, the Court recommends that Petitioner's application for habeas corpus relief be denied.

I.   BACKGROUND

In December 2005, Petitioner was convicted by a jury of fleeing a police officer in a motor vehicle in violation of Minn. Stat. § 689.487. State v. Miles, A07-0483, 2008 WL 170585, at *1 (Minn. Ct. App. Jan. 22, 2008); (Trial Tr.; Doc. No. 6, Exs. 10-17). Petitioner was sentenced to a year and one day, which was stayed on the condition that he serve ten days in jail and cooperate during a term of probation of zero to three years. (Sentencing Tr. at 420; Doc. No.

6, Ex. 17.) Petitioner's term of probation expires on September 10, 2008. (Resp't's Answer at 2; Doc. No. 6, Ex. 1.)

In his direct appeal to the Minnesota Court of Appeals, Petitioner raised three issues: insufficiency of the evidence, deprivation of his right to present a defense, and ineffective assistance of counsel.[1]  (Appellant's Br.; Doc. No. 6, Ex. 3.)  First, Petitioner argued that the State failed to prove that he acted with intent to flee the police.  Second, Petitioner argued that the trial court deprived him of his right to present a defense by prohibiting him from calling witnesses who would have supported his defense theory.  On the final issue, Petitioner claimed ineffective assistance of counsel because his lawyer failed to object to the State's elicitation of inadmissible evidence.  On January 22, 2008, the Minnesota Court of Appeals affirmed the district court.  Miles, 2008 WL 170585, at *1.  Petitioner then filed a petition for review in the Minnesota Supreme Court, raising the same three issues.  (Pet. Review Decision Ct. Appeals; Doc. No. 6, Ex. 5.)  The Minnesota Supreme Court denied review on March 18, 2008.

On April 29, 2008, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, raising three grounds for relief.  In Ground One, Petitioner alleges that the trial court violated his Fifth Amendment right to due process because there was insufficient evidence to convict him.  In Ground Two, he alleges that the trial court violated his Sixth Amendment right to present a fair and adequate defense.  In Ground Three, he alleges that his trial counsel's errors violated his Sixth Amendment right to effective assistance of counsel. In addition, Petitioner attached an addendum to his habeas petition wherein he argues that police officers violated his civil rights under 42 U.S.C. § 1983.  In response to the petition, Respondent

---

[1] Petitioner also submitted a pro se supplemental brief to the Minnesota Court of Appeals in which he alleged innocence. (Pro Se Suppl. Br.; Doc. No. 6, Ex. 4.)

acknowledges that Petitioner exhausted his state remedies but argues that all of Petitioner's claims fail on the merits.

## II.   DISCUSSION

Habeas review is available to determine whether there has been a violation of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  Estelle v. McGuire, 502 U.S. 62, 67-8 (1991).  The federal habeas corpus statutes provide a remedy only for prisoners who are challenging the <u>fact or duration</u> of their confinement.[2]  Heck v. Humphrey, 512 U.S. 477, 481 (1994).  In 1996, Congress passed the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which limited habeas review to adjudications that:

>   (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court explained the meanings of the "contrary to" and "unreasonable application" clauses of § 2254.  A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts."  Id. at

---

[2] Petitioner cannot bring a § 1983 claim for a violation of his civil rights in the addendum to his habeas petition.  Such a claim must be brought in a separate action because habeas corpus does not provide a remedy for a § 1983 claim.  The Court will therefore assume that Petitioner intended for the addendum to support the claims in Grounds One, Two, and Three of his habeas petition and does not raise a new claim.

412-13.  A state court decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.  "A federal court may not issue the writ simply because it 'concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.'"  Lyons v. Luebbers, 403 F.3d 585, 592 (8th Cir. 2005) (quoting Williams, 529 U.S. at 411).

     A.     **Sufficiency of the Evidence**

Petitioner alleges that his conviction violates his right to due process under the Fifth Amendment of the United States Constitution, which is made applicable to the states through the Fourteenth Amendment, because the State offered insufficient evidence to prove he violated Minn. Stat. § 689.487.  At his trial, Petitioner testified that when the police indicated he should pull over and stop his car, he traveled only three more blocks, did not speed or make evasive maneuvers, and was merely looking for a safe place to stop.  He now claims that this testimony was insufficient to prove his intent to flee.

Petitioner's claim is addressed under 28 U.S.C. § 2254(d)(2), the issue being whether the Minnesota Court of Appeals' decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  To prevail on his claim, Petitioner must demonstrate that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt."  See Sexton v. Kemna, 278 F.3d 808, 814 (8th Cir. 2002) (quoting Jackson v. Virginia, 443 U.S. 307, 324 (1979)).  The Minnesota Court of Appeals recognized that "the state was required to prove beyond a reasonable doubt that appellant had 'the intent to attempt to elude a peace officer' in order to convict appellant."  Miles, 2008 WL 170585, at *1 (quoting

Minn. Stat. § 689.487, subd. 1). The court also noted that intent can be proved by circumstantial evidence. Id. (citing State v. Roehl, 409 N.W.2d 44, 46 (Minn. Ct. App. 1987)). In finding sufficient circumstantial evidence to prove Petitioner's intent to flee a peace officer, the Court said:

> It is undisputed that appellant refused to stop even after the officers signaled for him to do so via emergency lights, an air horn, and siren. Moreover, the incident took place while it was still light on a summer evening on a busy Albert Lea street. And appellant admitted at trial that he only stopped when he did because he was cornered and did not want the officer to ram his car.

Id. at *2. The court also gave two reasons for rejecting Petitioner's defense that his failure to immediately stop was motivated by fear that the police officers would batter him. First, evidence by the State and Petitioner's trial testimony undermined this defense. Id. Second, the evidence that Petitioner included in his pro se brief— that he had previously filed a racial profiling complaint against two of the officers— was not a part of the record below and could not be considered on appeal. Id.

A review of the trial transcript reveals an inconsistency between Petitioner's testimony that he continued driving when the police signaled for him to stop because he was looking for a safe place to pull over, and evidence that there was ample room to stop when the officer signaled him to do so. (Trial Tr. at 190, 290-91; Doc. No. 6, Exs. 12, 14.) Petitioner admitted that he could have pulled over in seconds when the police officer first activated his emergency lights. (Id. at 325-26; Doc. No. 6, Ex. 15.) Moreover, the stop occurred during daylight hours and on a public street. (Id. at 257, 338; Doc. No. 6, Exs. 14, 15.) When another police car stopped in front of his vehicle, Miles swerved around it before stopping. (Id. at 194, 295; Doc. No. 6, Exs. 12, 14.) He stopped because he did not want his car to be hit, and he was cornered. (Id. at 328; Doc. No. 6, Ex. 15.) Petitioner did not testify about any specific run-ins with police officers in

the past in which he had been physically abused or threatened.  Upon review of the trial transcript, this Court finds that the Minnesota Court of Appeals' denial of Petitioner's insufficiency of the evidence claim was based on a reasonable determination of the facts in light of the evidence.

### B.     Sixth Amendment Right to Present a Defense

Petitioner argues that he was deprived of his right to present a complete defense because he was not allowed to call witnesses to corroborate his testimony.  Petitioner testified at trial that he did not stop immediately because of prior encounters with police, but drove several blocks to a location where he felt safe to stop.  Petitioner argues that the right to present a defense necessarily includes the right to support his version of events through witness testimony and that he was precluded from doing so.  Respondent replies that Petitioner never made an offer of proof as to the testimony of his proposed witnesses concerning their knowledge of his prior encounters with police.  Because there was no evidence for Petitioner's proffered witnesses to corroborate, Respondent contends that he was not deprived of his right to present a defense.

Habeas review of this claim requires the Court to determine whether the state court determination resulted in a decision that was contrary to or an unreasonable application of clearly established Supreme Court precedent.  See 28 U.S.C. § 2254(d)(1).  There is a line of Supreme Court cases addressing limitations on a defendant's right to present evidence, the most recent of which is Holmes v. South Carolina, 547 U.S. 319 (2006).  See Guinn v. Kemna, 489 F.3d 351, 354 (8th Cir. 2007) (setting forth Supreme Court precedent on evidentiary rulings prohibiting a defendant from calling witnesses).  Generally, state and federal rulemakers have broad latitude to establish rules for excluding evidence in a criminal trial.  Holmes, 547 U.S. at 324.  One restriction on such rules is the constitutional guarantee of the right to present a

complete defense. Id. The Holmes Court held "the Constitution . . . prohibits the exclusion of defense evidence under rules that are arbitrary or that are disproportionate to the ends that they are asserted to promote." Id. An arbitrary rule excludes important defense evidence without serving any legitimate interest. Id. at 325. On the other hand, judges may exclude evidence that is only marginally relevant. Id. at 326-27 (quoting Crane v. Kentucky, 476 U.S. 683, 689-90 (1986) (citations omitted)).

The Minnesota Court of Appeals noted that when the State made a motion in limine to bar the testimony of Petitioner's two proffered witnesses, his lawyer did not make an offer of proof as to the relevance of the witnesses' testimony. Miles, 2008 WL 170585, at *3. The court also stated that Petitioner failed to articulate the relevance of the excluded testimony on appeal. Id. The court concluded that there was nothing of substance for the witnesses to corroborate because Petitioner's testimony regarding his fear of police officers was nothing more than an opinion lacking specificity or foundation because he did not testify about any particular incident where he was threatened or assaulted by police. Id.

The Court agrees that there was no evidence for Petitioner's witnesses to corroborate because Petitioner did not describe any prior incident that would cause him to fear the police during the traffic stop. Under the circumstances, the proffered witnesses' testimony was only marginally relevant. The United States Constitution does not prohibit the exclusion of marginally relevant evidence, and Petitioner's claim therefore fails.

### C. Ineffective Assistance of Counsel

Petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated because his trial counsel elicited his testimony concerning his prior misdemeanors, felonies, and probation violations. Petitioner argues that his counsel then failed to object when

the prosecutor went beyond the limits of rebuttal testimony regarding the prior convictions and other encounters with police. Respondent contends that Petitioner's theory of defense was that he failed to pull over due to his fear of police officers, which was caused by prior encounters with the police, and that Petitioner cannot now complain that the court allowed rebuttal evidence concerning his history with the police.

The Minnesota Court of Appeals found that Petitioner's trial strategy, based on his testimony about his prior contacts with the criminal justice system and his resulting fear of being harassed or beaten by the police, explained his counsel's elicitation of evidence of his prior interactions with the police. Miles, 2008 WL 1070585, at *3. The court determined that Petitioner's hindsight objection to his counsel's tactics was insufficient to establish ineffective assistance. Id. The court then concluded that evidence of prior crimes was appropriately admitted to rebut Petitioner's theory of defense, once the door was opened by Petitioner's counsel's chosen trial strategy. Id.

Habeas review of this claim is limited to the question of whether the state court decision was contrary to or involved an unreasonable application of clearly established federal law. Ineffective assistance of counsel claims are analyzed under Strickland v. Washington, 466 U.S. 668 (1984). As noted by the Minnesota Court of Appeals:

> [T]o prove ineffective assistance of counsel, an appellant must show (1) that his attorney's representation "fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Miles, 2008 WL 170585, at *3 (quoting Gates v. State, 398 N.W.2d 558, 561 (Minn. 1987) (quoting Strickland v. Washington, 466 U.S. at 688, 694)).

Petitioner was advised that if he chose to testify at trial, the prosecutor would introduce

evidence of his prior felony conviction to impeach his credibility.  (Trial Tr. at 275-76; Doc. No. 6, Ex. 14.)  After Petitioner testified to the events surrounding his failure to stop, his counsel asked him about his prior convictions.  (Id. at 303-06; Doc. No. 6, Ex. 15.)  Petitioner then testified about two prior convictions and two probation violations.  (Id.)  On cross-examination, the prosecutor asked Petitioner how many felony convictions he had.  (Id. at 310; Doc. No. 6, Ex. 15.)  Petitioner said six or seven.  (Id.)  The prosecutor did not ask Petitioner any more questions about his felony convictions but called one of the police officers as a rebuttal witness to testify about Petitioner's past criminal history.  (Id. at 341-43; Doc. No. 6, Ex. 15.)  The officer testified to several incidents of Petitioner's contact with Albert Lea police officers in the past.  (Id. at 343-47, 349-51; Doc. No. 6, Exs. 15, 16.)  The officer testified that he had also received a call from the Rochester Police Department about Petitioner's threats to kill officers, but he did not know if Petitioner was ever charged with making those threats.  (Id. at 352; Doc. No. 6, Ex. 16.)  The officer also testified to several other personal contacts with Petitioner in the past.  (Id. at 352-54.)

      Assuming arguendo that defense counsel's strategy was unreasonable, and that defense counsel could have raised at least one sustainable objection to the rebuttal testimony, Petitioner must show that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the trial would have been different.  Petitioner has not done so.  The testimony of the officers and the circumstances under which Petitioner finally stopped his vehicle are strong evidence that Petitioner intended to elude a police officer.  The case did not present a "close call" in which the jury might have been improperly swayed by inflammatory evidence of Petitioner's prior contacts with police.  It was a rather simple case, with ample evidence that Petitioner did not stop when a police car signaled him to do so.  Therefore, Petitioner's right to

effective assistance of counsel was not violated.

### III.  CONCLUSION

Petitioner has failed to show that the Minnesota Court of Appeals' decision on his insufficiency of the evidence claim was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Furthermore, the Minnesota Court of Appeals' decisions on Petitioner's right to present a defense and ineffective assistance of counsel claims were not contrary to, nor did they involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.

### IV.  RECOMMENDATION

Based upon all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Doc. No. 1) be **DENIED**, and this action be **DISMISSED WITH PREJUDICE**.

Dated: July 7, 2008

    s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 22, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.